UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CANDACE HOUSTON PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-966-KHJ-ASH

ENTERGY MISSISSIPPI, LLC, ET AL. DEFENDANT

ORDER

This matter is before the Court sua sponte for clarification of the citizenship of Defendant Entergy Mississippi, LLC (EML), in this diversity action. As explained below, EML's discussion of its *owners* rather than its *members* creates ambiguity that this Order seeks to clarify.

EML removed this case to federal court on November 6, 2026, asserting diversity jurisdiction under 28 U.S.C. § 1332. Not. [1]. EML describes itself as "a Texas limited liability company with its principal place of business in Jackson, Mississippi." *Id.* at 4. It then goes on to discuss its *owner* Entergy Utility Holding Company LLC (EUHC), which is "a Texas limited liability company with its principal place of business in New Orleans, Louisiana." *Id.* EML states that EUHC's "common membership interests" are *owned* by Entergy Corporation; Entergy Utility Affiliates, LLC; Entergy Utility Assets Holdings, Inc; and Entergy Utility Enterprises, Inc. *Id.* EML then provides the place of incorporation and principal place of business for the incorporated entities and the *ownership* of the LLC. *Id.* at 4–5. Although EML does state that "[f]or diversity purposes, EML is a citizen of Delaware, Louisiana, and Texas," it does not provide any further information or unambiguously list EML members (or the members of EUHC and Entergy Utility Affiliates, LLC). *Id.* at 5.

EML also filed its Rule 7.1 Disclosure Statement [2]. EML states that it is a Texas LLC owned by EUHC, which is an indirect subsidiary of Entergy Corporation, a publicly held

Delaware corporation. Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7(c) require nongovernmental corporate parties to identify "any parent corporation and any publicly held corporation owning 10% or more of its stock" or to state that there is no such corporation. Fed. R. Civ. P. 7.1(a)(1); L.U. Civ. R. 7(c). Parties in a diversity case are also required to identify the citizenship of "every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2). EML states that it is wholly owned by EUHC, and that EUHC is indirectly owned by a publicly traded company, but it does not identify the citizenship of the pertinent individuals or entities.

This Court has original jurisdiction over claims asserted under 28 U.S.C. § 1332 diversity-of-citizenship jurisdiction, which requires complete diversity of citizenship between parties and an amount in controversy exceeding $75,000.00. "The citizenship of a LLC is determined by the *citizenship* of all of its *members*." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (emphasis added). And "there is a potentially important difference between LLC membership and LLC ownership." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (finding a "lack of clarity" regarding jurisdiction when filings only referred to LLC ownership since, depending on state law, there may be non-owner members that could defeat complete diversity).

Upon review of EML's Notice of Removal [1] and its Rule 7.1 Disclosure Statement [2], the Court requires clarification on the citizenship of EML's members. It may be that EML's owner is its only member, and, if so, EML may state as much. The Court also requires the same clarification on the members of EUHC, EML's owner. The Notice of Removal [1] and Munna Affidavit [1-4] discuss the ownership of EUHC's "common membership interests." Not. [1] at 4; Munna Aff. [1-4] at 1. But it is unclear if "common membership interests" implies there are

*un*common or special membership interests, or if the owners of these kinds of interests are considered members of the LLC. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

IT IS, THEREFORE, ORDERED that on or before November 24, 2026, EML shall address these questions. EML shall specifically disclose its members and the citizenship of each of its members, including any members of any LLC or partnership that is an EML member.

IT IS FURTHER ORDERED that on or before November 24, 2026, EML shall file a corrected Rule 7.1 Disclosure Statement that includes the information required by Federal Rule of Civil Procedure 7.1 and Local Uniform Civil Rule 7(c). EML should specifically and fully identify the citizenship of every individual or entity whose citizenship is attributed to it.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE